# HellerEhrman LLP

RECEIVED JUN - 7 2005

FILED
JUN 0 7 2005
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

C03-5050 CRB

June 7, 2005

Jonathan P. Hayden
JHayden@hewm.com
Direct (415) 772-6180
Direct Fax (415) 772-2080
Main (415) 772-6000
Fax (415) 772-6268

*VIA HAND DELIVERY*

26295.0010

Hon. Judge Charles R. Breyer
U.S. District Court – Northern District
Courtroom 8, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   Smith, v. Washington Mutual, et al. [Loan Processor Case]
      BCC File No. 5155

Dear Judge Breyer:

   The parties jointly wish to apprise the Court of certain developments and to request an extension of the due date for filing plaintiffs' motion for class certification, which currently is next Friday, June 10, 2005. The reason for the request is that the parties are evaluating the impact of information which was recently provided to plaintiffs about the underlying merits of the claims which are the principal basis for the planned class certification. Plaintiffs' counsel are evaluating that information and reasonably require an additional three weeks to determine whether proceeding as a class action is appropriate. While a motion could be made next Friday, it is likely that, if plaintiffs come to agree with Washington Mutual's rendition of the relatively undisputed facts, the motion would need to be modified, at least.

   The background for this request is as follows. This case involves claims by loan processors that their overtime premium was calculated incorrectly over a time period beginning in November 1999. The case itself had taken a back seat to the companion cases concerning loan officers, which were just settled on the eve of a May 5 trial date. Washington Mutual has just completed an analysis of pay records of a predecessor company and presented those results to plaintiffs' counsel this week under the settlement privilege. Washington Mutual contends that this analysis demonstrates that the overtime premium was calculated correctly. Plaintiffs' counsel are now evaluating this analysis.

   If plaintiffs' counsel come to agree with Washington Mutual's contention, it will remove from the case the issue that would have been the central basis for class certification, namely a systematic defect in overtime premium calculation. If plaintiffs agree with

Heller Ehrman White & McAuliffe LLP   333 Bush Street   San Francisco, CA 94104-2878   www.hewm.com

**San Francisco**   Silicon Valley   Los Angeles   San Diego   Seattle   Portland   Anchorage   New York   Washington, D.C.   Madison, WI
Hong Kong   Beijing   Singapore      *Affiliated Offices:*   Milan   Paris   Rome



Hon. Judge Charles R. Breyer.
June 7, 2005
Page 2

Washington Mutual's conclusions, individual plaintiffs may still have other types of claims, and plaintiffs' counsel will need to evaluate whether those claims, standing alone, would support class certification.

    The parties have not been dilatory in their prosecution and defense of this matter. They have been in regular dialogue regarding this action and hopefully are in a better position to evaluate the case and try it in the near future, if necessary. Moving for class certification next Friday would not be an efficient use of Court resources. The factual predicate for the motion is effectively a mathematical equation. If the parties can agree on whether the proper equation was utilized, the basis for the dispute may be gone. Accordingly, the parties respectfully request that the date for filing the motion be extended to July 1, 2005.

Respectfully,

Jonathan P. Hayden
By: [signature]

Jonathan P. Hayden

cc:    Peter Simon, Esq. (via fax)
        Brandon Blevans, Esq. (via fax)
        Martin Jennings, Esq. (via fax)

*So Ordered* [signature]